UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-646-H

KASHIF RAZA                                                                                    PLAINTIFF

V.

MICHAEL CHERTOFF, et. al.                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Kashif Raza ("Plaintiff") seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d). Plaintiff filed a complaint seeking to compel the United States Citizenship and Immigration Service ("USCIS") and the Federal Bureau of Investigation ("FBI") to adjudicate his permanent residence application and complete a background check. The Court dismissed Plaintiff's case as moot after USCIS granted his permanent resident status. Plaintiff now seeks recovery of costs and attorney's fees resulting from Defendants' delay in adjudicating his application. Defendants object to the award of attorney's fees on the grounds that Plaintiff was not a prevailing party, that the United States' position was substantially justified, and that the stated fees are excessive.

I.

Plaintiff submitted an I-485 application to USCIS seeking to adjust his residency status on September 12, 2005. At that time, agency policy required an FBI name check before approval could be granted. After two years of waiting for the USCIS to adjudicate his application, Plaintiff filed a Writ of Mandamus action on November 21, 2007, seeking to compel USCIS, FBI, and the Department of Homeland Security to act. Whether this Court had the power to issue

the writ under these circumstances was, at best an extremely difficult question, and, at worst,

improbable.  In any event, shortly thereafter, USCIS altered its policy regarding name checks.

The new policy allowed USCIS to act on Plaintiff's application without a name check. Following

this change in policy, Plaintiff's request for status change was approved. When Defendants

learned of the approval of Plaintiff's application, they moved to dismiss on the grounds that the

action was moot. The Court granted that motion to dismiss on September 5, 2008, and Plaintiff

timely moved for attorney's fees.

II.

While the American rule is that parties pay their own fees, certain fee-shifting statutes

operate to award fees to the prevailing party in some circumstances. One such statute is the

EAJA. 28 U.S.C. § 2412. The EAJA has two separate provisions, one for costs and one for

attorney's fees. The EAJA provides that costs "may be awarded to the prevailing party in any

civil action brought by or against the United States ..." 28 U.S.C. § 2412(a)(1). Furthermore, the

EAJA allows for the recovery of attorney's fees, providing:

> Except as otherwise specifically provided by statute, a court shall
> award to a *prevailing party* other than the United States fees and
> other expenses, in addition to any costs awarded pursuant to
> subsection (a), incurred by that party in any civil action (other than
> cases sounding in tort), including proceedings for judicial review
> of agency action, brought by or against the United States in any
> court having jurisdiction of that action, unless the court finds that
> the position of the United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A)(emphasis added). Thus the EAJA provides for an award of attorney's

fees and costs only to a prevailing party. Furthermore, attorney's fees will not be awarded where

the court finds that the position of the United State was substantially justified. 28 U.S.C. §

2

2412(d)(1)(A).

Plaintiff asserts that he is a prevailing party because, while the case was dismissed for being moot, Plaintiff achieved the desired outcome, namely that USCIS adjudicate his I-485 application. So long as Plaintiff is a prevailing party he may receive an award of costs and could receive an award of attorney's fees. The EAJA does not define the term "prevailing party," but the term must "be read consistently with its use in other fee-shifting statutes." *Citizens Coalition for Block Grant Compliance, Inc. v. City of Euclid*, 717 F.2d 964, 966 n.2 (6th Cir. 1983). The Supreme Court has already ruled that a party who has not received a judgment on the merits or a court-ordered consent decree is not a prevailing party, even if the party "achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't. of Health and Human Res.*, 532 U.S. 598, 600 (2001).While Plaintiff did have his I-485 application granted, this came about as a voluntary change in Defendant's national policy. Plaintiff never received a judgment on the merits or a court-ordered consent decree, and thus is not a prevailing party.[1]

Even if Plaintiff were a prevailing party, he would not be awarded attorney's fees where the Government's position was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  A court must look at "both the prelitigation actions or inaction of the agency on which the litigation is based and the litigation position of the United States ..." in order to determine if the Government's position was substantially justified. *Schock v. U.S.*, 254 F.3d 1, 5 (1st Cir. 2001)(citations omitted). In order to satisfy its burden of substantial justification, the Government must show

---

[1]In an unpublished opinion, a district court in Michigan reached the same conclusion in a strikingly similar case. *Chebli v. Chertoff*, 2008 WL 302317 (E.D. Mich. Feb. 4, 2008).

that its position was "justified to a degree that could satisfy a reasonable person." *Pierce v.*

*Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)(internal quotation

marks omitted). In the instant case, the Government's position derived from the fact that a

background check was required before an adjustment of status could be granted. The fact that

USCIS changed its policy regarding some I-485 actions[2] does not mean that a reasonable person

would not be satisfied that the Government's position was justified. Furthermore, in so far as the

Government's policy regarding name checks was reasonable, it was reasonable for the

Government to follow that policy.

Also, the Government's position was substantially justified, because a reasonable person

could find the Government's position, that the Court had no jurisdiction over the case,

substantially justified. The INA provides specific authorization to the Attorney General, later

amended to authorize the Secretary of Homeland Security, to adjust permanent residence status

in his discretion. 8 U.S.C. § 1255(a). Furthermore, Congress has deemed that "no court shall

have jurisdiction to review" such decisions. 8 U.S.C.§ 1252(a)(2)(B). Taken together, these

statutory provisions provide at least a reasonable justification for litigating the matter on the

grounds that the court does not have jurisdiction to hear the case. In fact, at least one court has

been amenable to this argument and ruled that it did not have jurisdiction over such matters. *See*

*Safadi v. Howard*, 466 F.Supp.2d 696, 699 (E.D.Va. 2006).[3]

---

[2]It is important to note that I-485 actions less than 180 days old still require a background check before a status adjustment may be granted. Furthermore, FBI name checks are still required for I-485 applications pending for more than 180 days, but the USCIS may act before the check is complete.

[3]The instant action was dismissed for mootness before the issue of jurisdiction was raised, and the Court is not ruling on that issue. The Court only references the *Safadi* case for the proposition that a reasonable argument could be made that the Court did not have jurisdiction over the case.

4

Since Plaintiff was not the prevailing party in the litigation Plaintiff is not entitled to attorney's fees or costs pursuant to the EAJA. Furthermore, since the Government was substantially justified in its position, Plaintiff would not have been entitled to attorney's fees even if he were the prevailing party. As such, the Court declines to reach the issue of the reasonableness of the fees.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for attorney's fees and costs is DENIED.

This is a final order.

cc:     Counsel of Record